UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES, AND
PRODUCTS LIABILITY LITIGATION

No. 1:14-ml-2570-RLY-TAB
MDL No. 2570

_____

This Document Relates to the Following Case:

Melissa & Donald Dyer, Jr., 1:17-cv-00190
Neven Fingerhut, 1:18-cv-01903
Rose and Adam Coleman, Sr., 1:18-cv-02143
Deborah Jo Small, 1:19-cv-01005
Karen & Fred Pittman, Jr., 1:19-cv-02353
Richard Nunez, 1:19-cv-04169
Steven Chester, 1:19-cv-04277
Stella M. Terrell, 1:19-cv-04553
James Kraft, 1:19-cv-04707
Arnie Pike & Tracey J. Wood, 1:19-cv-04827
Brandy James, 1:20-cv-01851

_____

**ORDER GRANTING THE COOK DEFENDANTS' MOTION TO DISMISS CASES FILED BY INDIANA PLAINTIFFS FOR LACK OF DIVERSITY JURISDICTION and DENYING THE COOK DEFEDANTS' MOTIONS FOR RULE 11 SANCTIONS**

The Cook Defendants, Cook Incorporated, Cook Medical LLC (f/k/a Cook Medical Incorporated), and William Cook Europe APS, move to dismiss the cases filed by the Plaintiffs listed above for lack of diversity jurisdiction. *See* 28 U.S.C. § 1332. As both Plaintiffs and the Cook Defendants are citizens of Indiana, the Cook Defendants' motion to dismiss for lack of jurisdiction (Filing No. 25979) must be **GRANTED**. The Plaintiffs' cases are **DISMISSED without prejudice**.

The Cook Defendants also move for Rule 11 sanctions against the attorneys who

1

filed these cases—except the attorneys in the Coleman case—for two reasons.  First, Plaintiffs' attorneys alleged in Plaintiffs' Short Form Complaints that both Plaintiffs and the Cook Defendants are citizens of Indiana, yet they signed and filed those Complaints asserting the court had diversity jurisdiction.  Second, when the Cook Defendants confronted Plaintiffs' attorneys with this jurisdictional deficiency, Plaintiffs' attorneys refused to voluntarily dismiss their clients' actions, which required the Cook Defendants to file a motion to dismiss for lack of jurisdiction.  As a sanction,[1] the Cook Defendants ask for their attorneys' fees and costs in bringing the motion to dismiss.

Plaintiffs' attorneys respond that they resisted Cook's request because, if they voluntarily dismissed Plaintiffs' actions, they would not be entitled to the protection of Indiana's Journey's Account Statute,[2] Ind. Code § 34-11-8-1, and their actions would be time-barred in an Indiana state court.  *Al-Challah v. Barger Packaging*, 820 N.E.2d 670, 675 (Ind. Ct. App. 2005) (holding "the Journey's Account Statute does not apply to a plaintiff who voluntarily dismisses a complaint").

The court finds, in its discretion, that Plaintiffs' attorneys did not engage in the type of improper conduct that warrants Rule 11 sanctions.  *See Hartmarx Corp. v. Abboud*, 326 F.3d 862, 867 (7th Cir. 2003) ("In exercising its discretion, a district court must also bear in mind that [Rule 11] sanctions are to be imposed sparingly, as they can

---

[1] In their Reply, the Cook Defendants modified their request and now ask for sanctions of $100 for each Plaintiff.

[2] Under the Journey's Account Statute, when a plaintiff fails in a legal action from any cause except negligence in prosecution, a plaintiff may file a new action as a continuation of that action within three years after the date of that failure.  Dismissal without prejudice for lack of jurisdiction is a qualifying failure and does not constitute negligence in prosecution.  *Huffman v. Hains*, 865 F.2d 920, 924 (7th Cir. 1989).

'have significant impact beyond the merits of the individual case' and can affect the reputation and creativity of counsel." (quoting *Pac. Dunlop Holdings, Inc. v. Barosh*, 22 F.3d 113, 118 (7th Cir. 1994))). !Although Plaintiffs' attorneys should have realized that Plaintiffs' cases did not fall within the diversity jurisdiction of this court, their refusal to voluntarily dismiss Plaintiffs' cases was in the best interest of Plaintiffs, their clients. Therefore, the Cook Defendants' motions for Rule 11 sanctions are **DENIED** in the cases involving Plaintiffs Dyer, Fingerhut, Small, Pittman, Nunez, Chester, Kraft, Pike and Wood, and James (Filing Nos. 25980, 25981, 25984, 25986 & 25987).

That leaves the motion for sanctions against Plaintiffs Coleman and Terrell. (*See* Filing No. 25983). The Cook Defendants move to withdraw their motion for sanctions in the Coleman case only, as the parties have resolved their dispute. (Filing No. 26124, Defs.' Reply at 2 n.1). Accordingly, the Cook Defendants' motion for Rule 11 sanctions against Plaintiffs Coleman and Terrell (Filing No. 25983) is **WITHDRAWN in part** and **DENIED in part**. Specifically, the motion is **WITHDRAWN** with respect to the Coleman case and **DENIED** with respect to the Terrell case.

**SO ORDERED** this 14th day of November 2024.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

3